IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRETCHEN KEY,<br><br>    Plaintiff,<br><br>  v.<br><br>BMW OF NORTH AMERICA, LLC,<br><br>    Defendant. | Case No. 19-cv-03366-MMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT; DISMISSING SECOND AMENDED COMPLAINT WITHOUT FURTHER LEAVE TO AMEND** |

Before the Court is defendant BMW of North America, LLC's ("BMW") Motion, filed March 13, 2020, "to Dismiss Plaintiff Gretchen Key's Second Amended Class Action Complaint." Plaintiff Gretchen Key ("Key") has filed opposition, to which BMW has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[1]

In the Second Amended Complaint ("SAC"), Key alleges she owns a "2008 BMW 750LI" (see SAC ¶ 26) that has "Diagnostic Tools" used by "BMW dealerships to extract data from numerous data points" (see SAC ¶ 2), which data is "forwarded" by dealerships to BMW (see SAC ¶ 17). Key further alleges that she had various problems with the vehicle, which she attributes to faulty "repair work" performed by a dealership (see SAC ¶ 32), that she requested BMW provide her "the data that BMW is in possession of relating to [her] vehicle" (see SAC ¶ 34), and that BMW "refused" to do so (see id.). Based on said allegations, Key asserts a claim for relief under § 17200 of the California Business and Professions Code.

---

[1] By order filed June 8, 2020, the Court took the matter under submission.

1  By order filed January 13, 2020, the Court granted BMW's motion to dismiss Key's
2  First Amended Complaint ("FAC").  In so ruling, the Court found Key's § 17200 claim, as
3  alleged in the FAC, was subject to dismissal for failure to allege facts to support a finding
4  that Key "lost money or property" as a result of the "unfair" and "unlawful" practice
5  asserted, namely BMW's refusal to provide Key with the above-referenced data.  (See
6  Order, filed January 11, 2020 at 4-6 (quoting Cal. Bus. & Prof. Code §§ 17200, 17204).)
7  In that regard, the Court first found unavailing Key's allegation that she lost the money
8  she paid for various repairs, as she failed to allege facts to support a finding that any
9  such payment was the result of BMW's refusal to provide her with the data.  The Court
10 likewise found unavailing Key's allegation that she lost property, namely, the data
11 allegedly "belong[ing] to her (see FAC ¶ 53), as, under California law, "information is not
12 property unless some law makes it so" (see id. at 5:23-28 (quoting Silvaco Data Systems
13 v. Intel Corp., 184 Cal. App. 4th 210, 239 (2010)), and Key cited no such legal
14 authority.  The Court afforded Key leave to amend her § 17200 claim, and, as noted, she
15 subsequently filed the SAC.[2]

16 The SAC, however, fails to cure the above-noted deficiencies.  Key alleges therein
17 she has lost money or property because the "Diagnostic Tools" in her vehicle are of
18 "diminished value" due to BMW's refusal to allow her to "retrieve all of the data," which
19 data, Key alleges, has value.  (See SAC ¶¶ 4, 17.)  Although Key contends she has
20 successfully cured the noted deficiencies by "reframing the allegations . . . to focus on the
21 loss of the value of the Diagnostic Tools instead of the value of the data" (see Pl.'s Opp.
22 at 1:25-28), her current claim is, in essence, based on the same harm on which she
23 previously relied, specifically, her lack of access to the data.[3]

---

[2] In its order, the Court also dismissed a second claim alleged in the FAC, specifically, a claim for conversion, and afforded Key leave to amend that claim as well.  Key is no longer asserting a conversion claim.

[3] The SAC includes no facts to show the Diagnostic Tools themselves decreased in value from the time Key purchased her vehicle.  Nothing in the SAC suggests, for example, the Tools do not perform as they did at the time of purchase.

1   Accordingly, the motion to dismiss is hereby GRANTED, and the Second
2   Amended Complaint is hereby DISMISSED without further leave to amend.
3   **IT IS SO ORDERED.**

5   Dated: June 10, 2020

MAXINE M. CHESNEY
United States District Judge